The first case on the docket this morning is agenda number three, number 127952. People of the State of Illinois v. Wayne, Washington. Counsel for Appellant, are you prepared to proceed? Good morning, Your Honors, and may it please the Court. Good morning, Counsel. My name is David Shapiro. I represent the appellant, Wayne Washington. The State does not dispute, and no court in this proceeding has ever questioned, that Wayne Washington spent 14 years in prison for a crime in which he had no involvement, going in as a kid, and coming out in his 30s. Wayne Washington lost that part of his life through no fault of his own. He was picked up for no apparent reason and wound up in front of interrogators, notorious for physical abuse, who extracted a false confession in their usual manner. To this day, the lack of a certificate of innocence prevents Mr. Washington from getting a good job and chaperoning his daughter's field trips. The only issue before the Court today is whether Mr. Washington's own conduct voluntarily caused his conviction under the terms of the certificate of innocence statute. The Court should adopt Justice Walker's standard for that prong. A guilty plea should foreclose relief only when the person falsely accused culpably misled police or other officials. Counsel, so you want us to adopt the language of the dissenting justice at the appellate court level, but what does the statute say? Does it include that language? No, it does not include that specific language. It includes the word voluntarily. It says by one's own conduct voluntarily caused the conviction. Voluntarily is not self-defining, and so it is other parts of the statute and the legislative history that define it. In particular, the statement from the principal sponsor of the bill, Representative Flowers, twice used that formulation, through no fault of their own, that the statute is designed to protect people who are falsely incarcerated and have major portions of their life taken away through no fault of their own. But that's different than the language the dissenting justice used, correct? We are of the view that they are essentially of a piece. What Justice Walker says is that a guilty plea, this is a quote from the dissent, a guilty plea should foreclose relief only when the person falsely accused culpably misled police or other officials. And so it's that notion of fault and culpability in the misleading that is tracking the legislative purpose and the statements by the sponsor of the legislation that the statute is designed to protect people who are wrongfully incarcerated through no fault, through no fault of their own. But, of course, it's, I guess, Chief Justice. Could you just go back to this discussion of tools of statutory construction? Certainly we are always very aware that the first premise is plain language, that we should look to the language of the statute, and if it is plain, if it has its own meaning, then we should end there, not go beyond that, not go to legislative history. The word is voluntary, voluntarily. It's been defined, that word has been defined in other cases from this court. Why shouldn't we define it as we've defined that term in other matters? There's simply nothing at all in the statute that ties the term voluntarily to the Fifth Amendment standard that the state is advocating for a knowing and intelligent waiver. And it would be extraordinary to make that textual leap in a statute that is designed to protect innocent people. When this court recognized recently in Reed that nearly a fifth of people who are exonerated plead guilty. And, in fact, not just the legislative history, but the very text of the statute where what the legislature is doing is written in to the statute, says that its purpose is to remove substantive and technical obstacles in the law and that innocent persons should have an available avenue to obtain a finding of innocence so that they may obtain relief. Ginsburg. Back to Justice Tice, Justice Tice's question. It seems to me that you are asking us to define voluntarily a little bit differently than voluntarily is customarily defined. I mean, this whole thing turns on whether his confession was voluntary. Do you agree with that? I don't agree with that. You do not? I do not. It is certainly sufficient if the confession is involuntary and there is a mountain My question has a second part. So you're asking us to define voluntarily a little bit differently based on that it wasn't really voluntarily. He did it because of other reasons. So you're asking us to look beyond the words of the plain meaning of the statute. Isn't that what you're asking us to do? No, Your Honor. And, again, the key point here that I think is that voluntary has different meanings depending on context. If a family member gets taken hostage and one makes a choice to pay a ransom to avoid that family member being hurt, one can call that a voluntary decision and that it is a volitional act. But what makes it fundamentally involuntary in any real and meaningful sense is the fact that the person is put to a profoundly unjust choice between two wrongful outcomes. And when a guilty person is faced with a plea decision, it is the result of their own voluntary choices that they are facing that decision. But when it happens to an innocent person, when Mr. Washington is facing the possibility of 25 years if he takes a plea and 75 years if he doesn't, after he sees his equally innocent co-defendant get convicted and sentenced to 75 years and he changes his plea, that is not voluntary in any meaningful sense and certainly not voluntary in the sense that's contemplated by the certificate of innocence statute. But I think getting to your point about the mountain of evidence indicating that the confession was coerced, it's simply overwhelming in this case and one-sided. It is not only the testimony of Mr. Washington about his abuse. It is also the testimony of Mr. Hood and two other witnesses abused in the same case that they had guns pointed in their face, even had their genitals stepped on in order to extract a confession. These are notorious officers who have racked up an impressive record of wrongful convictions through false and coercive findings. There have been judicial recognition multiple times by the first district in the Plummer case, in the Smith case, just to name a couple. Of the pattern and practice of abuse that these men engaged in. And in fact, in the record in this case, the former Chicago police superintendent says that they engaged in a pattern and practice of abuse, of abusing suspects. So certainly the fact that the coercive confession is so clear here is sufficient to resolve the case and doesn't require a remand. If the state wanted to put in evidence that there was any sort of voluntariness in the confession, in the plea, they had that chance. There was a certificate of innocence evidentiary hearing. They didn't participate in it. They didn't participate in the appellate proceedings. They didn't oppose the PLA. But now they're before this court saying let's have a remand so maybe we can think about putting in evidence now that they don't even say that they're going to. Meanwhile, Mr. Washington, after all that he's suffered, can't chaperone field trips, can't clear his good name. So whether it's being- Can I go back to the question? Yes, please, Justice. You're asking us to define voluntary in a way that is beyond how we use that term in other cases dealing with plea issues. So let me ask you this. What do you think this section of the statute means? The petitioner did not by his or her own conduct voluntarily cause or bring about his or her conviction. What kind of conduct do you think is being anticipated in this section? I think it's exactly the sort of conduct that Justice Walker refers to in his standard, and I can cite some examples of what would constitute that. So he says that guilty police should foreclose a relief only when the person falsely accused culpably- Maybe turn it the other way. What kind of conduct would be such that the petitioner did bring about his or her own conviction? Sure. Yes, so examples of that would include, for example, taking the fall intentionally to protect a gang member or a family member who really did it. That's one example. Another example would be the situation where someone recognizes that there are benefits to receiving a certificate of innocence. So let's say they try to convince the police that they committed a crime so that they can get the windfall. There actually have been a number of cases in high-profile media cases in particular where people just walk into a police station and say, hey, I did it, because they wanted their five minutes of fame. In those situations where someone is culpably misleading the officials in order to bring about a wrongful conviction, I think that's what the legislature envisioned by conduct involving fault. So are you suggesting that the court do this on a case-by-case basis to determine whether the conduct is voluntary or involuntary when they plead guilty? Is that what we're going to have to do? I think that's a possibility. In this case, the record is overwhelmingly clear, I think, and one-sided that there is obviously no fault or no voluntariness in a meaningful way. And that's because through his testimony, through his affidavits at the certificate of innocence proceeding, Mr. Washington explained that aside from the coercion of the confession, and again, that is sufficient to rule in our favor, but aside from that, he pled because he was in this impossible situation where he saw his equally innocent co-defendant get convicted and sentenced to 75 years. And that's when he switched his plea, that morning when he talked to his co-defendant. If by happenstance, you know, Mr. Washington had gone to trial, if his trial had been scheduled just a day earlier, Mr. Hood would have done the same thing. And today it would be Mr. Washington and not Mr. Hood under the court standard in the lower court, who would have a certificate of innocence. That doesn't make any sense in the context of a statute that is designed to protect innocent people. So I think to answer your question a little more directly, yes, in some cases it's possible that some kind of inquiry into the voluntariness would be necessary. But in this case, it's real easy, in a way, because the record is so incredibly one-sided. So you're also asking us to consider such things as the state not leave the case, correct? First, the state moved to vacate Mr. Washington's conviction. He wasn't even in prison anymore. He was out on parole. That's how evidently clear to the state his innocence was. And yes, then they dismissed the charges. Is that one of the factors that we consider when we're trying to determine voluntariness, the action taken by the state? You also said they didn't file a counter affidavit. Is that correct? Or answer the petition? Are all those factors we're supposed to consider when we're trying to determine if it's voluntary? I think those are factors to consider in terms of what is the record before this court on voluntariness. And, you know, in a different case where the state put in evidence and affidavits controverting the voluntariness or contested the notion at all in the lower courts that Mr. Washington did not voluntarily bring about his own conviction, then there would be evidence before the court going both ways to consider and perhaps a standard and the standard to apply. But here it's cut and dry as a result of the state's non-action in the lower courts. Counsel, so, I mean, what factors should we consider in thinking about your representation about what would be voluntary? And you mentioned a person who takes the fall for another gang member. Wouldn't, under what you're arguing for us to adopt in that situation, if the person came forward and said, you know, they threatened my family, my child was kidnapped or they did something or they threatened me, is that voluntary? I would think probably not in the sense that, you know, that Justice Walker is contemplating and that the statute and the statements from Representative Flowers contemplate. That's a question, of course, for another day. I think that one of the key points here, though, is that the state's standard, which is essentially, you know, if your plea was voluntary and was deemed voluntary, you voluntarily brought about your own conviction and you can't get a certificate of innocence, is akin to a categorical bar on people who plead guilty being eligible for a certificate of innocence. Because, of course, you know, that's always going to be the case in a plea. There's always going to be an inquiry into whether it satisfies the Fifth Amendment standard. It's important to recognize what a sweeping and radical standard that would be. There have been, we cited in our brief, nearly 80 cases in which people pled guilty and were granted certificates of innocence. And, again, as this Court recognized in Reed, nearly a fifth of people who are exonerated plead guilty. And, in fact, it said that when met with a persuasive demonstration of innocence, a conviction based on a plea is a legal fiction. This is a statute that is designed to protect innocent people. That is its very purpose and designed, as the legislature wrote into the text of the statute itself, to remove substantive and technical obstacles to people clearing their names. And it would be simply absurd to say, to adopt a categorical or, frankly, near categorical rule, that so long as, you know, it checks the very formalistic boxes of the Fifth Amendment, which is not about innocence, right? We are interpreting a statute about innocence, and the State wants to bring in a definition and law that really isn't about innocence. That would truly eviscerate the statute and its very purpose. Mr. Shapiro, I have a question regarding the taking of judicial notice in this circumstance. Without the State participating in the proceedings, we know here that the judge looked to the record of proceedings below and used that as an effort to weigh the credibility. Do you think that that was an appropriate use of taking of judicial notice? No, it was not appropriate, and it was inappropriate for two reasons. The first, and the State agrees with this in their brief, is that there wasn't any opportunity to respond, and that's improper and, at minimum, according to the State, requires a remand. Second, though, it's deeper than that because this is an adversarial proceeding. It's not an inquisitorial proceeding where the judges do the work of the State when the State sits out entirely. The State did not appear, did not intervene, not in the circuit court, not in the appellate court, affirmatively disavow any opposition to a certificate of innocence. And the circuit court judge and then the appellate court over Justice Walker's dissent just decided sua sponte to deny a certificate of innocence in this radical way that would upend scores and scores of grants of certificates of innocence to people who pled guilty. The counsel, the circuit judge has the right to assess the credibility of what was in front of that judge. Is that correct? Yes, that's true. But the idea that the plea provides some kind of a basis to deny a certificate of innocence, which was the sole reason given by the appellate court to say he voluntarily brought about his own conviction, there wouldn't be an issue if he hadn't pled, and it was the same thing with regard to Mr. Hood, who did go to trial and who did get a certificate of innocence. So it wasn't this creation of a doctrine that no one asked for, that you can't get a certificate of innocence if you pled guilty, has nothing to do with credibility determinations. I know your time is running out quickly. I think Justice Overstreet's question kind of goes to the next issue. If we're talking about voluntarily, that certainly sounds like a state of mind issue, and you suggested that we should look in each one of these cases, there should be some kind of hearing based on the facts for what is the motivation, et cetera. Here there was a testimony in the trial court from Mr. Washington about his state of mind, and the trial court found him not to be credible. How do we handle that? I don't think there was a finding as to state of mind with regard to the plea. With regard to the voluntariness of the confession and the physical coercion, the circuit court was flatly and clearly incorrect, given the overwhelming and one-sided evidence of abuse. Thank you, Your Honor. Counsel? May it please the Court. Counsel, I'm Assistant Attorney General Erin O'Connell, on behalf of the people of the state of Illinois. I think there are two separate questions before the Court. There's a straightforward question of statutory interpretation, and then there's a somewhat more complicated issue of how this proceeding should work, where the State has not participated in the proceedings below. I'll first address quickly the statutory interpretation question. This comes down to just the plain language of the statute. The General Assembly chose to use the word voluntarily. I don't think Petitioner disputes that he caused his own conviction by pleading guilty. The statute says if he has done that, he must show by preponderance of the evidence that he did not do so voluntarily. The statute does not use the word culpably, and the statute could have used that word. That's the type of word used in the Federal statute that the General Assembly considered at the time it was adopting the statute. That statute refers to misconduct or neglect. The General Assembly instead opted for a different word. It used the word voluntarily, and that word has an established meaning. Also, when we're talking about statutory construction and the statute itself, we have concentrated a lot on Subsection 4, but in the first subsection where it talks about how you become eligible for this, it says the Petitioner was convicted of one or more felonies by the State of Illinois. It isn't limited there by conviction by following a trial, which is commonly used in a lot of statutes. Do you think that that may have some impact on whether or not we can look at whether or not, you know, coerced confessions, coerced pleas were meant to be included in this? Well, the statute certainly contemplates that a Petitioner who has pleaded guilty is eligible to seek a Certificate of Innocence. So he's not strictly precluded. It doesn't say a trial by jury. It does encompass this concept of he has pleaded guilty, he can come forward and show that he did not do so voluntarily. In terms of the confession, I think that's a slightly different question that does come under this element of whether he has, by his own conduct, pleaded guilty voluntarily. The confession itself, and here the circumstances alleged of the physically coerced confession, come within this totality of the circumstances of was his plea of guilty voluntary at the time it was entered. So we don't dispute that he can rely on this evidence and these factors to try to meet his burden of proof of showing that he did not plead guilty voluntarily. So I do think it's fair to consider that information. And the statute doesn't bar him from seeking it just because he pleaded guilty. But it does impose this standard. So the General Assembly didn't deem this irrelevant because it made this a separate element of the statute that he has to satisfy. If he's pleaded guilty, he must still meet his burden of showing that he did not do so voluntarily. And the burden kind of gets me to the second question as to how this works. The statute's clear that he bears the burden of proof and he must show by preponderance of the evidence that he satisfies every element. The question here is whether he's produced evidence that satisfies this element that his guilty plea was not voluntary. He presented testimony at the hearing. He stands to agree that the Court had the ability to assess his credibility at that time and make a determination. It could have rejected his testimony on voluntariness based on his demeanor in testifying or inconsistencies at the hearing. And it also could have considered and properly did consider the trial records. So the Court then this is, I think, where the main error lies and the reason that the people have agreed that there was an error below. The statute allows the Court to take judicial notice, but there are established procedures for how the Court should do so. When the Court takes judicial notice, it is required to give the party an opportunity to respond. So what happened here is the Court did take this judicial notice of the trial records, but it didn't give the Petitioner an opportunity to explain what it viewed as sort of fatal inconsistencies between his hearing testimony and testimony he had given at his prior suppression hearing and at trial. So he does have to confront this evidence, and this is evidence that the Court can consider in weighing the credibility of his testimony. But he has he should have the opportunity in a remand to respond to the concerns about these inconsistencies. And so we do think that it's proper in every circumstance for the trial court to take this judicial notice, but it does have to do so according to established procedures. And that was really the error that occurred here. So what the State envisions is happening on remand. The State has not opposed this petition and does not intend to have a redo of that. So we're not claiming that we have evidence to present contrary to his testimony. So are you saying that you agree that the confession was coerced or he was coerced into pleading guilt? Are you agreeing to that? There is contradictory evidence as to the confession. He has certainly presented significant evidence tending to show that he was physically coerced, and I believe that was primarily his testimony at the hearing. And then he also presented some corroborating evidence as pertains to the particular law enforcement officers. That is, there is a lot of evidence that those law enforcement officers were involved in coercing other defendants to confess, correct? Correct. And he can certainly rely on that to support his claim that his confession was physically coerced. And just to reiterate, that's certainly going to be relevant to the question of whether his guilty plea was voluntary. And this Court has reserved a special place for physically coerced confessions. The Court should consider whether this was physically coerced, and if it was, should weigh that with due consideration in considering the voluntariness of his guilty plea. Counsel, Mr. Washington has argued that the issue of voluntarily pleading guilty, that state of mind idea, that he did testify. He explained why he pled guilty and set out the fact that he saw under pressure that despite what he knew to be the truth, that he was facing 75 years or more, and this was a plea of 25, so therefore he agreed to take that, did the calculus, and decided to save 50 years of his life. What are we to take from the fact that there was no one there to cross-examine him? That the state did not in any way participate in that hearing? So the state did not cross-examine him, but the contradictory evidence that the Court could consider is the evidence that was presented in the underlying proceedings. Let's go back a step back. What are we to take from the fact that the state chose not to participate? What does that mean? So the state here didn't agree that Petitioner had satisfied the elements of the statute. The state opted not to participate, take a position one way or the other. How do we know that the state didn't agree? So the state, when it was asked at the hearings, the state's attorney was physically present at the hearings, and the Court asked what the position was, and the state's which is a little different from, we agree that he satisfied the elements. And the trial judge, I think, was correct that this did make it somewhat easier for him to satisfy his burden. It removed a sort of barrier to proving his case, but it doesn't mean that he satisfied his burden as imposed by the statute. So the trial court still had to consider, was his testimony credible as to the voluntariness of his guilty plea? And the court could, in doing that, consider these trial records. So in terms of was, did, has he proven guilty? Counsel, could you please answer Chief Justice Tyson's question? What are we to take from the fact that the state chose not to participate? What does that mean? So in the universe of circumstances here, the court can consider that the state came into court, agreed to vacate his conviction. I think this is most relevant to the element of whether he established his innocence. So it is relevant that the state did, on its own behalf, come into court and say, vacate this conviction. The state's participation is less relevant to this element. He did cause his own conviction, and the question is, did he do so voluntarily? Is that exalting form over substance? I don't think so. I mean, he. Why not? Well, he still has a burden that he has to satisfy under the statute by performance. The state chose not to participate, and I think we can all agree that that's unusual. The state didn't challenge anything. So we're hanging our hats on the word voluntarily being interpreted to mean he actually gave this confession out of his own mouth. Nobody else said it for him. Regardless of whether he was coerced or anything else, it was still voluntary. So my question is, given all of these facts and the fact that the state basically didn't challenge any of this from start to finish, is this exalting form over substance? I still think he has a burden to meet under the statute, and we're not disputing that he could satisfy his burden. Were this hearing conducted properly and he presented the evidence that he presented, the court could credit his testimony. It could look at the trial records and decide, contrary to what the court did in these circumstances, that he has met his burden. However, he still does have that burden to meet, and really the state's participation is ultimately not relevant to whether he's met that burden of showing that his guilty plea was involuntary. It does, I think, make it easier for him to meet that burden that the state opted not to cross-examine him at the hearing and has not produced contrary evidence. The court is left with his own testimony and the trial records, so it has less evidence to weigh on that issue. And just to be clear, we don't dispute that he could potentially meet his burden here, and the state will take the same position below, that it's not taking a position on his petition. So really the question is, what does this court do about the error that the trial court committed? Because really it was the trial court here that had to determine in its discretion if he was entitled to a certificate of innocence. It had to make this credibility determination that was key to that question, and it did commit this error. The court has to consider whether this case should go back down for the trial court to conduct this properly and to determine, based on a fair consideration of whether he can explain these inconsistencies, whether he's met his burden under the statute. But the state does not intend to present evidence below that it hasn't presented  So the state would not participate in the remand? Correct. So at this point, the State is here to interpret the statute, ensure that the General Assembly, as the statute has been written, that its intent is given effect. But the State has not taken a position on whether he can ultimately meet his burden. The State just asked that the proceedings occur as they are supposed to do pursuant to established procedures under the statute. And as part of that, he does still have this burden that he has to meet. And the State has just removed itself as opposition to that. But he still has the burden, and the trial court is still supposed to exercise discretion in deciding whether he has met that burden under the statute. So if we sent it back, the exact same thing would happen? I mean, we're basically sending it back for a round two to be the same procedure. Well, I think critically, he would have an opportunity at that point to explain the inconsistencies that the trial court found the first time around in rejecting his testimony. Well, hopefully. And should we send it, if we do send it back, should we send it back to the same judge? That's a, I think he's requested for the first time in this Court that it be reassigned. But the standard that he, that the Court would have to find met is whether he has shown actual bias on the part of this judge. If the Court were to review the record as the proceedings have occurred below and conclude that he has demonstrated that bias, then he would be entitled to reassignment to a different judge. So potentially that would be a second change in the proceedings that would occur below. The State's position is that we remand this case for an ex parte pursuit, just one side. Both sides will be there, but only one side is willing to participate. Do you think that's what your recommendation is? Well, I wouldn't, I don't know that I would call it ex parte. We have the opportunity, we have the right to intervene. But you already said you're not going to participate. You just said. So ultimately I do think this is a question between the Court and Petitioner. The Court has to exercise its discretion. It has to do so within the bounds of the law. Our participation or lack of participation doesn't affect his burden, so he should have the opportunity to attempt to meet that burden under the correct procedural parameters. So again, we're talking about form over substance, because procedurally you think that the proper thing to do is to send it back, but you're not going to participate, but you want us to send it back anyway. I mean, that sounds like form over substance to me. The Court could conclude based on this record that he has met his burden. The Court's in a little bit of a strange position because most of the records that the trial court relied on are not part of the record. So the Court really can't at this point fairly evaluate whether the trial court was correct in reading the trial transcripts or the suppression hearing transcripts. This is really whether the Court wants to give the Court an opportunity to do this again and do this correctly. The Court certainly, if it believes that this is elevating form over substance, doesn't have to do that. The State's position, though, is that the trial court should get the opportunity to exercise its discretion properly under the statute in determining whether he's satisfied his burden. The Court has a right? It seems to be the rights of Mr. Washington that we should be looking at. What we have in front of us is the order from the trial court. And you agree the order of the trial court was erroneous because of the manner in which the Court took two judicial notes, correct? Correct. Why not just reverse the trial court's order? And that's, at the end of the day, it would be awful. And if the Court does that, I think the key question here is how it interprets the statute and whether the evidence in the record satisfies the burden under the statute. So if the Court does opt to go that route, it does have to answer an important question as to what it means for the defendant to have voluntarily caused his own conviction pursuant to the guilty plea. It would then evaluate the evidence that he presented at the hearing to determine whether that satisfied his burden. And we have that in the record, right? Correct. You said we don't have everything, but we've got enough. Well, you – yes. You have his evidence as it was presented at the hearing. The Court doesn't have the evidence that the trial court relied upon to reject his testimony. That's the piece that's missing before this Court. Counsel, if his evidence isn't contradicted, why is it that we can't rely on it? You haven't submitted anything to counter it. And, again, this – I'm just attempting to defend in some way the circuit court's judgment here to reject his testimony. It was the only party to have viewed his live testimony, and it did deem his testimony incredible. We don't think that that – But it's based or in conjunction with what it considered from the trial court records. I think it was clear that it considered it in conjunction with the trial court records. So, really, the question here is whether this Court wants to remand for a second opportunity for the Court – for a fact finder to view his live testimony, weigh it in light of the trial records, and determine whether to credit it or not. I think that's the question. Counsel, is there any dispute as to whether or not his confession was coerced? That is, I think, part of the dispute. The evidence in the records – I mean, the trial court – did the trial court question that? Correct. The trial court concluded that that part of his testimony was not credible. And that's really the key element where the records came in, because the court looked at his prior testimony at the suppression hearing at the trial and said, there's an inconsistency with your version of events here, so I'm deeming you not credible. So that was actually the key basis of the trial court's credibility finding, was as pertains to the physical coercion with respect to the confession. But the State does not dispute that? The State does not – has not presented contrary evidence. Correct. Is there any dispute as to his innocence? That – as to the posture before this Court, that is not under dispute. And it's certainly relevant that his co-defendant, Hood, was granted a certificate of innocence, and the Court did find that he satisfied that element of the statute. So that element is really not a bar to his request for a certificate of innocence. This dispute at this point really just centers solely on this Court's element. So in other words, the State agrees that he's innocent, but we're arguing about what the word voluntarily means. Is that it? Absolutely. Okay. So, correct. In passing the statute, unfortunately, it's not enough to show innocence. That's one element of the statute he has to satisfy. The General Assembly imposed a second requirement, which is that he must show that he did not voluntarily cause his own conviction. And that's really the only dispute here is whether he's met that additional element that the General Assembly has imposed. And that's something we can consider, that basically an innocent person entered a plea of guilty for something that everyone agrees they did not do. And this person, this innocent person, is now saying, I didn't do that voluntarily. Correct. There's no dispute that that's all relevant under the totality of the circumstances in evaluating whether he did so voluntarily. But unfortunately, the General Assembly didn't make solely the element of innocence a condition to relief. It also imposes additional requirement. And that is the only issue in dispute. We would just ask that this Court give the trial court another opportunity to correct its mistakes and, for that reason, reverse the judgments below but remand for a new proceeding. Thank you. Your Honor, as I'm listening to the arguments, I think there are really two big decision points that ultimately the Court's going to have. One is what to do about this case procedurally, and the second is what to do about the standard. So I'll address those in turn. When it comes to what to do about this case in particular, working in a law school, I've never loved the phrase, that's academic. But listening to the justification for remand, I find myself saying, that's academic. It's an elevation of form over substance where there is an individual who, you know, is continuing to experience harm as a result of not being able to clear his name. In a case where the State just said, I think this is a direct quote from the argument just now, there's significant evidence showing he's physically coerced, where the State, it's more than just didn't participate, but, I mean, affirmatively disclaimed participation in the lower court proceedings, stating to the appellate court, quote, that the State did not intervene in the proceedings in the circuit court and is therefore not a party to these appeals. All for the sake of a remand where the State agrees that or does not dispute Mr. Washington's innocence and just said that it doesn't intend to present evidence undercutting the falsity of the confession. The evidence, I'm sorry, the coerciveness of the interrogation, again, the evidence of a coerced interrogation is overwhelming, not just Mr. Washington's testimony, but the testimony of others who were abused in this very case by these detectives, other witnesses, Mr. Hood, Mr. West, Mr. King, the mountain of judicial findings that these officers are responsible for a pattern and practice of physical abuse in their own right and as people who worked under John Burge previously, as well as the statement of the former Chicago Police Superintendent Bresnik in this record that there was abuse in this case and the officers engaged in a pattern or practice of it in other cases. It's uncontroverted, so why would there be a remand? As I understand the State's argument, it's based entirely on consideration of a transcript that the State itself says was improperly admitted without a chance to respond to it and with the circuit court judge essentially taking on the role of an advocate against Mr. Washington when the State decided not to. Counsel, do we have the option of not considering what the trial court improperly considered on its own and solely looking at the evidence that was presented by your client? Absolutely, yes, and indeed the evidence presented by everyone, which consists of the evidence presented by my client. That's why the ultimate question about what to do with this case I think is so clear. It's order of certificate of innocence really regardless of what the standard ultimately is articulated by the court. So we could say that the trial court improperly took judicial notice and that evidence is not part of the record before us and thus we are making a decision based on the evidence presented? Yes, yes, and that decision is one-sided in showing that Mr. Washington is entitled to the certificate. And do we have to adopt the standard put forth by the dissenting justice in order to get to that place? No. Even the State says that it's a totality of circumstances analysis. I take that to mean a totality of circumstances analysis that's actually broader in a way than the Fifth Amendment inquiry that includes looking into the confession and isn't just a totality of circumstances. Well, it is a totality of circumstances as we know them today. So even under that standard, here's a totality of circumstances. It's not just the physical coercion, though it is that. It's the physical coercion followed by the fact that Mr. Washington originally goes to trial, gets a hung jury, is facing the prospect of 75 years, which is equally innocent, co-defendant who now has a certificate of innocence was sentenced to, so then he changes his plea. Under that totality of circumstances, there's not a need for a remand here. The result is straightforward. Could I just make a little confusion here? Sure. We've been talking about voluntary plea and we've been talking about totality of circumstances. Are we talking about the confession or are we talking about the entry of the plea? Where should our focus be here in this setting? I think that it should be both. And I understand the state even to be saying that both are relevant here. And the confession is also relevant to the plea because once you're subjected to this physically abusive interrogation with a false confession and you're facing 75 years, what choice do you really have except to plea? And so the voluntariness of the confession really can further strengthen the notion that the plea was not voluntary in any sort of meaningful sense that the legislature would have contemplated in a statute designed to protect and not to punish innocent people. And you do agree then that there is this additional element in the statute that Mr. Washington has to prove, not only the actual innocence but this other idea about whether or not he voluntarily causes conviction. Yes. There's this additional step that has to happen. Yes. And he meets that step under any standard under the uncontroverted record, whether it is the record that includes the false confession and the coercion going into the confession itself or whether it is based on the nature of the circumstances in which he had to plea, that is as an innocent person facing 75 years who had a hung jury and then switched after seeing his co-defendant convicted. But you're saying the confession is the linchpin, is it not? I'm sorry. Is the linchpin to your argument? I mean, you said you can look at either one, but really you've got to look at the confession. I'm saying the confession is sufficient but not necessary. The false confession is sufficient but not necessary. And I think that, you know, there's just the fact that the confession was coerced and the fact that the mountain of evidence is so overwhelming and so uncontroverted here provides a straightforward path for the court, if it wishes to, to say confession wasn't voluntary, so he's entitled to the certificate of innocence. Or let's just talk about the language of the statute, which unfortunately I don't have pulled up in front of me. But the Goroj's confession is sufficient to show that he did nothing, whatever the language is, to voluntarily cause his conviction. Is that what you're saying? Yes. The narrow way to resolve the case, I think, is to say that he didn't voluntarily cause his own conviction because he was subjected to a coerced confession that left him with no reasonable choice other than to plead. That's the narrow way. The somewhat broader way, if the court wishes to address what the standard is and should be going forward, our position is that Justice Walker got it right in saying that the question is whether the individual misled the authorities or misled the court in some sort of a culpable way. If there are no further questions, Your Honors, I'll cede the remainder of my time. Thank you. Thank you very much, and thank both of the counsels for your spirited arguments. Today, this case, Agenda Number 3, Number 127952, People v. Washington, will be taken under advisory. Thank you.